| iWHIPPLE, Judge,
concurring.
I respectfully concur. Initially, I disagree with the majority’s reliance on “facts” not contained in the record, specifically, “that the court proceedings in the 22nd judicial district court regularly commence at 9:30 a.m., that items which can be expeditiously resolved are *761 dispensed with immediately (while those cases requiring testimony are heard thereafter),” to support the conclusion that the answer filed herein was filed prior to the signing of the formal judgment confirming the preliminary judgment of default.
Nonetheless, I would annul the judgment obtained by default and remand for further proceedings because my review of the record shows that both the preliminary judgment of default and the confirmation thereof were taken prior to the expiration of the delays for answering. As defendant has filed an answer within the delays provided by law, there is no basis for a judgment by default.
The record shows the following relevant dates. On March 1, 1995, plaintiff filed a petition for declaratory judgment in state district court. On June 9, 1995, defendant filed a “Notice of Application to Remove Action to United States Bankruptcy Court of the Eastern District of Louisiana.” On July 17,1995, on plaintiffs motion, the bankruptcy court signed an order of voluntary abstention and remanded the matter to the Twenty-Second Judicial District Court. The “Order for Voluntary Abstention and Remand” was filed Rin the suit record of the Twenty-Second Judicial District Court on July 19, 1995. On that same date, plaintiff filed in the record an “Affidavit and Certificate of Service” and a “Motion to Enter Preliminary Default.” A second motion for preliminary default was filed on August 7, 1995 and, on that motion, a preliminary judgment of default was entered on August 8, 1995. By judgment dated August 11, 1995, signed in open court, plaintiffs preliminary judgment of default was confirmed. On that same date, at 9:34 a.m., defendant filed an answer.
Pursuant to LSA-C.C.P. art. 1701, a judgment by default may be obtained against a defendant who fails to answer within the time prescribed by law. Generally, a defendant must file an answer within 15 days after service of citation upon him. LSA-C.C.P. art. 1001.' However, special rules apply to non-resident defendants, such as Mr. Martin, the defendant herein. LSA-R.S. 13:3204 addresses service of process on a non-resident defendant, providing in part as follows:
A. A certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction.
Thereafter, LSA-R.S. 13:3205 authorizes a default judgment against a non-resident defendant who fails to timely answer, providing as follows:
No default judgment can be rendered against the defendant until thirty days after the filing in the record of the affidavit of the individual who either:
(a) mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mails, to which shall be attached the return receipt of the defendant; or
13(b) actually delivered the process to the defendant, showing the date, place and manner of delivery.
The record shows that defendant was served with process by a civil deputy of Burnet County, Texas, who is authorized by law to make service of process. An affidavit was executed on June 7, 1995 by the civil deputy attesting to actual delivery of the citation and petition to defendant on April 7, 1995 at his residence in Texas. However, this affidavit was not filed into the suit record of the Twenty-Second Judicial District Court until July 19,1995.
LSA-R.S. 13:3205 is clear in its provision that no default judgment can be rendered against the defendant until thirty days after the filing in the record of this affidavit. Defendant had until August 18, 1995 to file an answer. Answer was filed on August 11, 1995. The entry of the preliminary judgment of default and confirmation thereof ..were therefore erroneous and should be annulled.
Plaintiff argues on appeal that defendant made a general appearance by removing the *762 matter to bankruptcy court and by participating in the bankruptcy court hearing. According to plaintiff, this general appearance “immediately and independently starts the running of the regular statutory fifteen-day delay for answer,” citing LSA-C.C.P. art. 7.1 disagree. When a party makes a general appearance which subjects the party to the jurisdiction of the court, that party impliedly waives all objections to the court’s jurisdiction. I cannot find that the making of a general appearance deprived defendant of the statutorily provided 30 day delay for filing an answer or otherwise allowed plaintiff to obtain a default judgment prior to the passage of thirty days from the time of the fifing of the affidavit of service. Accordingly, I would annul the judgment rendered herein for the above and foregoing reasons and find that the remaining assignments of error raised by defendant regarding nullity of the judgment are therefore pretermitted.
However, defendant also claims on appeal that this court should maintain a peremptory exception of no cause of action apparently filed by defendant in the lower court after plaintiff obtained the judgment confirming the preliminary judgment. While acknowledging that the peremptory exception of no cause of action may be raised by an appellate court on its own motion, I would decline to do so until the trial court has ruled on the exception. See LSA-C.C.P. art. 927.
For these reasons, I respectfully concur.